IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| OLEN JAMES BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF IOWA, WAPELLO COUNTY POLICE DEPARTMENT, DERICK SHAW, PARMENTIER, BUDDY HURST, CHIEF BELL, and JEFFERSON COUNTY DEPUTY SMITH,<br><br>    Defendants. | **No. 4:24-cv-00201-SHL-WPK**<br><br>**INITIAL REVIEW ORDER** |

Plaintiff Olen James Brown brings this complaint under 42 U.S.C. § 1983 without assistance of counsel. (ECF 1.) Plaintiff is currently incarcerated at the North Central Correctional Facility, but he alleges that all relevant events occurred in or near Ottumwa, Iowa. (Id. pp. 3, 5–7.) He asks to proceed without prepayment of fees. (ECF 2.)

## I.    INITIAL REVIEW STANDARDS.

Federal courts must review all prisoner complaints filed against a governmental entity, officer, or employee and dismiss the complaint, or any part of it, that a) is frivolous or malicious, b) fails to state a claim upon which relief may be granted, or c) seeks monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A. A claim is considered "frivolous" "when it lacks 'any rational argument in law or fact.'" *Boyd v. ConAgra Foods, Inc.*, 879 F.3d 314, 324 (8th Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 323 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A complaint brought by an inmate without the assistance of counsel "must be held to 'less stringent standards than formal pleading drafted by lawyers.'" *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). The Court must weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly

baseless. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (determining what is "clearly baseless" is left to discretion of court ruling on in forma pauperis petition). Although Fed. R. Civ. P. 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 678–79 (citations omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A complaint states a plausible claim for relief when its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## II.    DISCUSSION OF CLAIMS.

In February 2023, Plaintiff's brother, Loren R. Brown, was reportedly taking photographs of girls at the mall in Ottumwa, Iowa. (ECF 1, p. 5.) Officer Buddy Harsh arrested Loren R. Brown for disorderly conduct. (Id.) Later the same day, Harsh also arrested Plaintiff. (Id.) It was during this arrest that Plaintiff learned why his brother had been arrested. (Id.) Brown alleges the charges against his brother were unfair slander and profiling and says his brother is hard of hearing and has a bad heart. (Id.) Plaintiff asserts that this information can be verified by psychiatric health centers in Kansas City, Missouri. (Id.)

In March 2023, Plaintiff believed his brother was in danger, so he called the Jefferson County Sheriff's Department to take his brother from a home in Abingdon, Iowa, back to a family home. (Id.) That is the last time Plaintiff heard from or saw his brother. (Id.) He later filed a missing persons report with Jefferson County Deputy Smith. (Id.) But when Plaintiff later called the Clark County Sheriff's Office, he was told the missing persons report was no longer there. (Id.) Plaintiff contacted the Ottumwa Police Department, but Officer Parmentier told him his brother was not missing. (Id.) Parmentier told Plaintiff no missing persons report could be filed on his brother but said there was a Wapello County warrant against him for failure to appear. (Id.) Parmentier allowed Plaintiff's cousin to be the contact person for Loren Brown. (Id.)

2

In July 2023, Plaintiff called the Kansas City Missing Persons Unit and learned his brother had once resided in Missouri, but his current location was unknown. (Id.) Also in July 2023, Plaintiff's attorney gave him a flash drive with discovery information from the arrests of Plaintiff and his brother in February 2023. (Id., p. 5–6.)

In November 2023, Plaintiff walked into the Ottumwa Police Department to report that his brother was missing and to ask for Officer Parmentier to be arrested. (ECF 1, p. 5.) Another officer told Plaintiff his brother was not missing. (Id.) Plaintiff left the building. (Id.) As Plaintiff was leaving, he approached Officer Yeager to ask about Plaintiff's brother. (Id., p. 6.) Yeager responded by saying there was an active warrant for Plaintiff, which Plaintiff denied. (Id.) When Yeager tried to take Plaintiff into custody, Plaintiff struck him. (Id.) Yeager removed his taser and instructed Plaintiff to get to the ground. (Id.) Plaintiff alleges that he was calm, but six more officers came out of the police department. (Id.) Yeager tased and arrested Plaintiff. (Id.) After being processed, Brown asked another officer if there was an active warrant for him, and the officer said there was not. (Id.)

The Court takes judicial notice of the criminal proceeding in *State v. Brown*, FECR014527 (Iowa Dist. Ct. for Wapello Cnty.) *See United States v. Schneider*, 905 F.3d 1088, 1092 n.1 (2018) (holding Court may take judicial notice of judicial opinions and public records). These records show that Plaintiff was arrested for possession of a controlled substance, assault on a peace officer, and interference with official acts. *Brown*, FECR014527, D0001–0003. Plaintiff was released on bond, directed to register for pretrial release supervision, obtain a mental health evaluation, and comply with recommended treatment. *Id.*, D00021. Plaintiff shared with his probation officer the video clip of the February 2023 of his brother being arrested. (ECF 1, p. 6.) Plaintiff concedes his brother took medication which made his condition worse. (Id., pp. 6–7.) While released on bond, Plaintiff was informed his brother had died. (Id., p. 7.)

Plaintiff was rearrested in January 2024. (Id.) He says his attorney refused to answer his calls or letters. (Id.) Plaintiff asked for his attorneys to be removed from his case. (Id.) Trial was held on April 8, 2024. (Id.) The jury convicted Plaintiff of assault on a person engaged in certain occupations – causing bodily injury and interference with official acts causing bodily injury. *See Brown*, FECR014527, D0119 XXX. The state court judge sentenced him to two years in prison. *Id.* Plaintiff appealed. *Id.*, D0124. Plaintiff was released from custody on December 4, 2024. *See*

3

*Offender Detail*, Iowa Department of Correction, https://doc-search.iowa.gov/offender/detail?offenderNumber=1004779 (last visited Dec. 23, 2024).

Plaintiff asks for the Court's help in receiving financial compensation for his case. (ECF 1, p. 4.) However, it is not clear what constitutional violations Plaintiff is trying to bring or why he would have any basis for recovery. First, to the extent Plaintiff is asking this Court for damages based on an unconstitutional state conviction, he "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *see also Mitchell v. Morton Cnty.*, 28 F.4th 888, 895 (8th Cir. 2022) (holding "district court must dismiss a § 1983 claim if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the plaintiff proves 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'") (citing *Heck*, 512 U.S. at 487). As Plaintiff conviction is currently on appeal, it has not been reversed or declared invalid. If this is the basis for his request for damages, he does not have a viable claim.

Second, Plaintiff alleges that Ottumwa Police Officer Yeager tased him after Plaintiff was on the ground on November 12, 2023. (ECF 1, p. 6.) "A detainee alleging an excessive use of force must show that the force used against him was objectively unreasonable. *Id*. (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)). Plaintiff does not allege that the use of the taser was objectively unreasonable, nor does he allege any injury. In fact, although he describes the tasing incident, he does not expressly seek recovery for it. As such, he has not stated a viable claim based on excessive force.

Third, Plaintiff's pleading reflects his frustration with how officers responded to requests to locate his brother. (ECF 1, pp. 5–7.) The Court is unaware, however, of why this frustration could give rise to a plausible claim for violating Plaintiff's constitutional rights. Moreover, he does not allege that any officer harmed his brother, was responsible for his brother's death, or otherwise caused harm to Plaintiff or his brother. Rather, at most, he asserts that statements made against his brother were slanderous and untrue. It is unclear why Plaintiff would have standing to bring claims based on statements about his brother. Even if he would have standing, however, "claims for defamation and slander are not cognizable under § 1983." *Miner v. Brackney*, 719 F.2d 954, 955

(8th Cir. 1983). Instead, defamation is a state common law claim. *See Foote v. Doe 1*, 679 F. Supp. 3d 775, 808 (S.D. Iowa 2023) (observing Iowa recognizes two types of defamation). This means that if Plaintiff can pursue a defamation claim at all, it must occur in state court given the dismissal of his putative federal claims. *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) ("A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)).

## III.    SUMMARY AND CONCLUSION.

For the reasons stated above,

**IT IS ORDERED** that Olen James Brown's claims "lack[] an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325, and are **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915A(b) (court shall dismiss complaint on initial review if complaint is frivolous, malicious, fails to state claim or seeks monetary relief from defendant who is immune).

**IT IS FURTHER ORDERED** that Brown's request for permission to proceed in forma pauperis (ECF 2) is **GRANTED**. Based on the information he provides in his motion, the Court assesses Brown no initial partial filing fee, but the $350 filing fee owed shall be paid to the Clerk of Court from the prisoner's account in accordance with 28 U.S.C. § 1915(b). However, the Court notes Brown is no longer in custody, and for all practical purposes, the filing fee cannot be collected.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2024.

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE

5